**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2541
_____

SAMUEL MENSAH,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089 240 880)
Immigration Judge:  Honorable Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 21, 2010
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed December 27, 2010)

_____

OPINION
_____

PER CURIAM.

        Samuel Mensah petitions for review of an order of the Board of

Immigration Appeals ("BIA"), which dismissed his appeal from an Immigration Judge's

("IJ") final order of removal.  We will deny the petition for review.

Mensah is a native and citizen of Ghana. He entered the United States in 1995 on a visitor's visa and stayed beyond the time authorized.[1] In removal proceedings, Mensah applied for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Mensah's cancellation application was based on the fact that he is married to a citizen of the United States, and he has two U.S.-citizen children (twins). His asylum claim was based on his fear that his uncle will kill him if he returns to Ghana because he is a Christian and refuses to participate in idol worship.

The IJ analyzed the requirements for cancellation of relief pursuant to 8 U.S.C. § 1229b(b). The IJ found that Mensah met the 10-year continuous physical presence requirement and the good moral character requirement for cancellation of removal, but found that Mensah did not establish that his removal would result in exceptional and extremely unusual hardship to his U.S.-citizen spouse or children. The IJ found that Mensah testified credibly regarding his claim for asylum[2] and related relief, but that he failed to establish that he would be persecuted in Ghana on account of race, religion, nationality, membership in a particular social group, or political opinion. A.R.

---

[1] Mensah was originally charged with entering without inspection, but he was able to establish in removal proceedings that he entered with a visitor's visa.

[2] The IJ recognized that Mensah's asylum claim was not timely filed, but adjudicated the claim on the merits. A.R. 45. The BIA affirmed, however, solely on the grounds that the asylum claim was untimely.

47. The IJ found that Mensah had not established that any persecution would be by the Ghanaian government or individuals that the government would be unable or unwilling to control. The IJ also did not believe that Mensah's uncle would kill him because he had refused to engage in idol worshiping fifteen years previously. The IJ further determined that Mensah had failed to establish that he would be tortured in Ghana and that such torture would be inflicted by or at the instigation or with the consent of a public official. The IJ found no evidence that Ghana would be willfully blind to any torture that occurred.

On appeal, the BIA agreed with the IJ that Mensah had failed to establish that any fear he has of returning to Ghana has a nexus to a protected ground, and that he failed to establish a probability that he will be harmed. The BIA noted that Mensah's dispute with his uncle appeared to be a personal matter. The BIA also agreed that Mensah failed to establish a likelihood that he would be tortured. The BIA found "insufficient reasons to reverse" the IJ's denial of cancellation of removal, given the fact that Mensah's children had lived with their maternal grandmother since birth and he had not seen his wife since July 2009.[3] The BIA addressed Mensah's due process arguments, finding that the IJ had advised Mensah of the right to be represented by an attorney without cost to the government, and noting that the IJ had given Mensah time to find an attorney. The BIA found no due process violation. Mensah, still proceeding pro se, filed a timely petition for review in this Court.

---

[3] The record reflects that the July 2009 contact was actually by letter.

We must first consider which of Mensah's claims are properly before this Court for review. We generally have jurisdiction to review a final removal order pursuant to 8 U.S.C. § 1252, but section 1252(a)(2)(B)(i) removes jurisdiction for denials of discretionary relief under 8 U.S.C. § 1229b (cancellation of removal). Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 178 (3d Cir. 2003). The BIA denied Mensah's application for cancellation of removal because he did not show that his U.S.-citizen wife or children would suffer exceptional and extremely unusual hardship. The determination whether the alien has established the requisite hardship is a "quintessential discretionary judgment," id. at 179, and is thus a determination we may not review. Nevertheless, the REAL ID Act amended the Immigration and Nationality Act to allow constitutional claims or questions of law to survive its jurisdiction-stripping provisions, see REAL ID Act 106(a)(1)(A)(iii), 8 U.S.C. § 1252(a)(2)(D). Mensah raises a number of constitutional claims, but none of them has merit.

Mensah argues that his constitutional rights were violated because he was not provided with an attorney in his removal proceedings. However, he was advised of his right to obtain counsel at no cost to the government, and was provided with a list of lawyers. A.R. 127. He was also granted a continuance to find counsel. His right to a fundamentally fair hearing pursuant to the Due Process clause was not violated simply because he was unable to obtain counsel (despite being given ample opportunity to do so). Ponce-Leiva v. Ashcroft, 331 F.3d 369, 376 (3d Cir. 2003); cf. Leslie v. Att'y Gen.,

611 F.3d 171, 182 (3d Cir. 2010) (alien showed due process violation where IJ failed to inform him of availability of free legal services and failed to give him list of such programs).

Mensah also appears to argue that his removal would violate the equal protection component of the Fifth Amendment's Due Process clause because he has a U.S.-citizen spouse and children. As the Government notes, Mensah's equal protection claim fails, as he has not identified any class of similarly situated persons who are treated differently than him. Matthews v. Diaz, 426 U.S. 67, 79-80 (1976) (fact that government treats aliens differently from citizens not sufficient to show that such disparate treatment is "invidious"). Further, Mensah has not identified any constitutional or statutory right to remain in the United States simply because members of his family are U.S. citizens. Morales-Izquierdo v. Dep't Homeland Sec., 600 F.3d 1076, 1091 (9th Cir. 2010). We also reject Mensah's claim of an Eighth Amendment violation, as removal is not criminal punishment. Sukwanputra v. Gonzales, 434 F.3d 627, 632 (3d Cir. 2006).

Mensah's brief refers to his claims for asylum, withholding of removal and protection under the CAT, but he does not explain why the BIA's decision to deny him relief was in error. Mensah does not address the BIA's finding that he failed to meet his burden of showing that he had been persecuted in the past or that he has a well-founded fear of being persecuted in the future. His brief contains only conclusory statements regarding the possibility of torture in Ghana, which are insufficient to warrant a grant of his petition.

For the foregoing reasons, we will deny the petition for review.[4]

---

[4] The Government's motion to dismiss is denied.